FILED
SUPERIOR COURT
OF GUAM

2023 JUL 28 PM 2:55

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,               )      CRIMINAL CASE NO. **CM0432-22**
                              )      GPD Report No.: 22-31207/ 22-31221
                              )
vs.                           )
                              )      DECISION AND ORDER RE.
                              )      PEOPLE'S MOTION TO
                              )      DISMISS WITHOUT PREJUDICE
**BRUNO FRANKIE SIMMONS,**    )
DOB: 09/18/1973               )
                              )
———————————————————————————— )

### INTRODUCTION

This matter I will came before the Honorable Judge Maria T. Cenzon on the People's Motion and Proposed Order to Dismiss Without Prejudice (the "Motion"). On April 28, 2023, the Court took the matter under advisement pursuant to CVR 7.1(e)(6)(E) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM and Administrative Rule Nos. 06-001. After considering the pleadings on file with the Court and after reviewing the applicable statutes and case law, the Court now issues this Decision and Order GRANTING the People's Motion to Dismiss Without Prejudice.

### FACTUAL & PROCEDURAL BACKGROUND

The Defendant, Bruno Frankie Simmons, is charged with the following offenses: (1) Criminal Trespass (As a Misdemeanor), and (2) Unauthorized Use of a Vehicle (As a

*People of Guam vs. Bruno Frankie Simmons*
Criminal Case No. CM0432-22
Decision and Order re. Motion to Dismiss Without Prejudice
Page 1 of 6

Misdemeanor) (collectively referred to herein as the "Crimes"). Magistrate's Compl. (Dec. 6, 2022). The allegations set forth in the Magistrate's Complaint are as follows: On or about December 5, 2022, officers responded to a reported stolen vehicle, a 2017 Honda Ridgeline owned by Rachelle Manahan, located near the Summer Towers in Tamuning. *Decl. to Mag.'s Compl.* (Dec. 6, 2022). An investigation followed which led the responding officers to Unit #C606 at the Summer Towers residence. *Id.* The property manager informed the officers that the listed renters of Unit #C606 were off-island and that no one should be inside the unit. *Id.* As the property manager assisted the officers in unlocking the door of the unit, one of the two locks were relocked from someone inside, at which time a voice from inside yelled, "call my lawyer and call my sister" as officers also heard a faint sound of a female crying. *Id.* The voice was later determined to be that of the Defendant Bruno Frankie Simmons. *Id.* The Defendant told the officers that he knew the apartment did not belong to the female he was with at the time, and admitted he did not know who actually owned the unit. *Id.* The Defendant claimed that his friend drove the vehicle to Pagat, Mangilao where the Defendant noticed the truck. The Defendant stated that he took the vehicle to "stroll" because he wanted to take his girlfriend out and wanted to drive her around. *Id.*

On December 6, 2022, the Defendant was charged with the Crimes via Magistrate's Complaint and the Defendant was released on a $2,000.00 personal recognizance bond and other conditions (Order of Conditional Release and Appearance Bond, Dec. 6, 2022). On January 5, 2023 during the Defendant's arraignment hearing, the Defendant asserted his right to speedy trial. *See* Arraignment Minutes, Jan. 5, 2023, and Assertion of Speedy Trial, Jan. 5, 2023.

On February 9, 2023, the People filed the instant Motion and Proposed Order to Dismiss Without Prejudice (the "Motion") on the basis that the case has been recharged, via grand jury

*People of Guam vs. Bruno Frankie Simmons*
Criminal Case No. CM0432-22
Decision and Order re. Motion to Dismiss Without Prejudice
Page 2 of 6

indictment, as a felony matter – i.e., CF0095-23. The Defendant opposed the People's Motion arguing that the People's Motion seems to violate the Guam Supreme Court holding in *People v. Gutierrez*, 2005 Guam 19, the Defendant's Sixth Amendment rights, and any other applicable Guam Law or Rights of the Defendant. *Opp. To the People's Mot. to Dismiss Without Prejudice* (Feb. 9, 2023). The Defendant added to their argument that the People's actions constitute prosecutorial harassment in that the People's recharging from this matter to a felony matter supports a presumption of vindictiveness. *Id.*

In response, the People argued that its goal is not to harass the Defendant, that the People have not acted in bad faith, and importantly, that the circumstances do not give rise to an appearance of vindictiveness, adding that the People have a reasonable and innocent explanation for bringing the indictment which is sufficient to establish its good faith. *People's Reply to Def.'s Opp. To Mot. To Dismiss Without Prejudice* (Feb.16, 2023).

During the Pre-Trial Conference and hearing on the Motion on February 23, 2023, the Court addressed the Motion and dismissed the matter, but retained jurisdiction to determine whether to dismiss with or without prejudice. *Order After Hearing Re. People's Motion to Dismiss Court's Retention of Jurisdiction Until Final Adjudication of Motion*, Feb. 28, 2023. On April 24, 2023, the Defendant filed Defendant's Notice of Partial Dismissal of Charges in CF0095-23 in which the Honorable Judge Vernon Perez dismissed the Burglary (As a Second Degree Felony) and Disorderly Conduct (As a Petty Misdemeanor) charges *without* prejudice. See, Order After Hearing Granting Def.'s Mot. to Dismiss Charges One and Four of the Indictment at 3 (CF0065-23)(Apr. 18, 2023).

*People of Guam vs. Bruno Frankie Simmons*
Criminal Case No. CM0432-22
Decision and Order re. Motion to Dismiss Without Prejudice
Page 3 of 6

## LEGAL ANALYSIS

### A. Dismissal of this Matter Requires Leave of Court

Title 8 GCA Section 80.70(a) provides as follows:

> The prosecuting attorney may with leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant. The prosecuting attorney shall file a statement of the reasons for seeking dismissal when he applies for leave to file a dismissal and where leave is granted the court's order shall set forth the reasons for granting such leave.

This section clearly establishes that "[b]ecause leave of court is required, the dismissal under section 80.70(a) is an act of the court." *People v. Gutierrez*, 2005 Guam 19 ¶ 31. It is often explained that this procedure marks a change from the common law rule of *nolle prosequi* which was a power once vested in the prosecuting attorney to dismiss a criminal case in his or her sole discretion but which has long been abandoned in Guam. *See,* 8 GCA section 80.80; *Gutierrez* ¶ 28 n. 3; *People v. Rios*, 2008 Guam 22 ¶ 21; and *People v. Flores*, 2009 Guam 22 ¶ 23.[1]

### B. The Law Presumes Good Faith by the People in Bringing the Motion

Although the Prosecution no longer enjoys the unfettered discretion to dismiss a case under its common law power of *nolle prosequi*, Guam law analogizes 8 GCA section 80.70(a) motions to those brought under Rule 48(a) of the Federal Rules of Criminal Procedure and adopts the presumption that the prosecutor brings the motion in good faith. *See Gutierrez*, ¶¶ 48, 52. ("The circuit courts have universally held that that the prosecution is entitled to a presumption of good faith when bringing a Rule 48(a) motion and the motion should generally be granted as a matter of course."). The presumption, however, is not absolute, and "is rebutted upon showing a

---

[1] "The entry of a *nolle prosequi* is abolished, and a prosecuting attorney cannot discontinue or abandon a prosecution for any offense, except as provided in section 80.70."

*People of Guam vs. Bruno Frankie Simmons*
Criminal Case No. CM0432-22
Decision and Order re. Motion to Dismiss Without Prejudice
Page 4 of 6

lack of good faith." *Id.* ¶ 53 (citing *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982)). This good faith presumption may be rebutted by a finding of considerations "clearly contrary to the public interest" (*Id.* ¶ 54 (quoting *Salinas* at 351)) or if the dismissal "would be clearly contrary to manifest public interest...". *Id.* ¶ 54 (quoting *United States v. Rush*, 240 F. 3d 729, 730 (8th Cir. 2001).

Although Defendant argues that the People's actions constitute prosecutorial harassment and vindictiveness, the Defendant has not provided the Court with any evidence effectively rebutting the presumption of good faith nor advanced any facts establishing actions constituting harassment. Equally important, the Defendant has failed to proffer any facts establishing any prejudice he has suffered as a result of the dismissal without prejudice of this matter.[2] As stated herein, the Defendant was immediately released in this matter on the same day of his Magistrate hearing. *See* Order of Conditional Release and Appearance Bond, Dec. 6, 2023. Finally, although the charges relevant to the dismissal of the instant case were ultimately dismissed *without* prejudice in the later-charged felony case under grounds not considered herein, the dismissal of those charges in CF0095-23 were also *without* prejudice. The Court finds that such a dismissal by Judge Perez, which would not prohibit the refiling of the charges against Defendant, equally lends support to the Court's finding herein.

//

//

---

[2] Other than the pendency of the charges until the running of the statute of limitations, Defendant has failed to establish how the dismissal without prejudice results in any harm to him. Additionally, upon the running of the statue of limitations, Defendant is free to file a petition to dismiss and expunge the charges against him.

*People of Guam vs. Bruno Frankie Simmons*
Criminal Case No. CM0432-22
Decision and Order re. Motion to Dismiss Without Prejudice
Page 5 of 6

//

## CONCLUSION

For the above reasons, **IT IS HEREBY ORDERED** that the People's Motion to Dismiss Without Prejudice is **GRANTED**.

**SO ORDERED** this JUL 2 8 2023 .

_____
HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam

*People of Guam vs. Bruno Frankie Simmons*
Criminal Case No. CM0432-22
Decision and Order re. Motion to Dismiss Without Prejudice
Page 6 of 6